# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CHRISTIAN MEDINA** | **CIVIL ACTION** |
| **VERSUS** | **NO. 17-6351** |
| **BENJAMIN JOHNSTONE** | **SECTION: "G"(5)** |

## ORDER

This litigation arises out of Plaintiff Christian Medina's ("Plaintiff") claim for damages allegedly sustained when an automobile collision occurred between him and motorist Benjamin Johnstone ("Johnstone").[1] Plaintiff originally filed this action in the 21st Judicial District Court for the Parish of Tangipahoa on May 10, 2017.[2] On June 29, 2017, Defendants Johnstone and RLI Insurance Company ("RLI") (collectively, "Defendants") removed the case to this Court, asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332.[3] Upon review of this matter, it came to the Court's attention that the Court may not have subject matter jurisdiction over this matter. Even though Plaintiff has not filed a motion to remand, "federal courts are duty-bound to examine the basis of subject matter jurisdiction *sua sponte.*"[4] The Court must remand the case to state court "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction."[5]

---

[1] Rec. Doc. 1-1 at 1.

[2] *Id.*

[3] Rec. Doc. 1 at 1.

[4] *Union Planters Bank Nat'l Assoc. v. Salih*, 369 F.3d 457, 460 (5th Cir. 2004).

[5] 28 U.S.C. § 1447(c).

1

On July 7, 2017, the Court ordered Defendants to submit summary-judgment-type evidence regarding the amount in controversy at the time of removal of this case for the purpose of establishing subject matter jurisdiction.[6] On July 14, 2017, Defendants filed a memorandum as to the jurisdictional amount.[7] For the reasons that follow, the Court finds that Defendants have not established by a preponderance of the evidence that the amount in controversy at the time of removal exceeded $75,000. Therefore, the Court lacks subject matter jurisdiction over the above-captioned matter and hereby remands it to state court.

## **I. Background**

In the petition for damages, Plaintiff alleges that on May 12, 2016, he was traveling in a vehicle heading east on I-12, when Johnstone allegedly changed lanes and struck the right side of Plaintiff's vehicle causing him to travel off the road and into traffic cables.[8] Plaintiff alleges that the incident was caused by the negligence of Johnstone, and as a result, plaintiff claims that he suffered the following damages: pain and suffering; medical expenses; loss of wages; and property damages.[9] According to Plaintiff, Johnstone had an insurance policy in effect provided by RLI, rendering RLI equally liable.[10]

In the notice of removal, Defendants aver that they received Plaintiff's healthcare records from Plaintiff on or about June 2, 2017.[11] Defendants aver that the records include a report from Dr. Jackson Hatfield diagnosing Plaintiff with ulnar neuropathy of the left upper extremity and

---

[6] Rec. Doc. 4.

[7] Rec. Doc. 6.

[8] Rec. Doc. 1-1 at 1.

[9] *Id.* at 2.

[10] *Id.*

[11] Rec. Doc. 1 at 4.

referring him to Dr. Ronald French.[12] Defendants further aver that the records also include a report from Dr. French confirming the diagnosis and referencing a nerve conduction study that confirmed a severe cubital tunnel syndrome at the left elbow.[13] Defendants further aver that the records include a report from Dr. French evidencing the administration of a left elbow subcutaneous ulnar nerve transposition surgery at Ochsner Medical Center.[14] Last, Defendants aver that the records include multiple reports from Dr. French showing continued effects and rehabilitation following the July 2016 surgery through at least January 2017.[15]

Based on the healthcare records Defendants received from Plaintiff, Defendants describe Plaintiff's symptoms as a result of the incident, in addition to the medical treatment received, in the memorandum regarding jurisdictional amount. First, according to Plaintiff's healthcare records, Defendants aver, Plaintiff began experiencing numbness in his fingers four days after an 18-wheeler collided with his car, the incident at issue.[16] Defendants further aver that Plaintiff received medical treatment from Dr. Hartfield and Dr. French, and continued to have clawing present in his left hand, paresthesia, and atrophy for at least six months after the nerve transposition on July 15, 2016.[17] According to Defendant, Plaintiff's medical costs total $18, 215.23.

---

[12] *Id*. at 5.

[13] *Id*.

[14] *Id*.

[15] *Id*.

[16] Rec. Doc. 6 at 3.

[17] *Id*.

## II. Parties' Arguments

### A. *Defendants' Notice of Removal*

In the notice of removal, Defendants explain that although Louisiana Code of Civil Procedure Article 893 prohibits the pleading of monetary damages in a specific amount, it also requires that "if a specific amount of damages is necessary to establish the jurisdiction of the court, the right to a jury trial, the lack of jurisdiction of federal courts due to insufficiency of damages, or for other purposes, a general allegation that the claim exceeds or is less than the requisite amount is required."[18] Defendants aver that Plaintiff did not make the requisite allegation in the petition for damages.[19]

Defendants aver that Plaintiff's medical expenses incurred thus far total at least $18,215.23.[20] Defendants cite four Louisiana state court cases to demonstrate that "Louisiana courts have held that in cases with similar types of injuries alleged by Plaintiff . . . the damages may exceed $75,000."[21] Accordingly, Defendants argue, they are entitled to remove this case to this Court.[22]

### B. *Defendants' Memorandum Regarding the Amount in Controversy*

In the memorandum regarding amount in controversy, Defendants argue that "the amount in controversy requirement is clearly satisfied . . . by Plaintiff's refusal to stipulate that his damages

---

[18] Rec. Doc. 1 at 4; La. Code Civ. Proc. Ann. art. 893 (2017).

[19] *Id*.

[20] *Id*. at 5.

[21] *Id*. at 5–6 (citing *Roger v. Cancienne*, 88-0640 (La.App. 4 Cir. 1/1789); 538 So.2d 670; *Salter v. State, Through Dept. of Health and Human Resources*, 90-1468 (La.App 1 Cir. 6/27/91); 582 So.2d 994; *Hoskin v. Plaquemines Parish Gov't*, 97-0061 (La.App. 4 Cir 12/1/97); 703 So.2d 207; *Domangue v. Mr. Gatt's, Inc.*, 93-2392 (La.App 1 Cir. 6/23/95); 657 So. 2d 689).

[22] *Id*. at 6.

were less than the jurisdictional minimum, the allegations in [the petition for damages], and the various medical records" produced by Plaintiff.[23]

Based on healthcare records Defendants received from Plaintiff, Defendants describe the nature of Plaintiff's injuries and calculate that "Plaintiff's medical specials to date total $18,215.23."[24] According to Defendants, Plaintiff began experiencing numbness in his fingers four days after the incident at issue.[25] Defendants further aver that Plaintiff received medical treatment from Dr. Hartfield and Dr. French, and continued to have clawing present in his left hand, paresthesia, and atrophy for at least six months after the nerve transposition on July 15, 2016.[26]

Defendants aver that after receiving Plaintiff's medical records, Defendants requested that Plaintiff sign a stipulation indicating that the amount of damages in this case did not exceed $75,000, and Plaintiff refused.[27] Plaintiff's refusal to stipulate, Defendants argue, evidences that Plaintiff clearly believes his claims exceed $75,000.[28] Defendants then cite the same four Louisiana state court cases cited in the notice of removal as support for the proposition that "[t]he jurisprudence . . . is replete with awards that far exceed $75,000 for damages such as those claimed by Plaintiff in this case."[29]

---

[23] Rec. Doc. 6 at 1–2.

[24] *Id*. at 3.

[25] *Id*.

[26] *Id*.

[27] *Id*. at 3–4.

[28] *Id*.

[29] *Id*. at 5–6 (citing *Roger v. Cancienne*, 88-0640 (La.App. 4 Cir. 1/1789); 538 So.2d 670; *Salter v. State, Through Dept. of Health and Human Resources*, 90-1468 (La.App 1 Cir. 6/27/91); 582 So.2d 994; *Hoskin v. Plaquemines Parish Gov't*, 97-0061 (La.App. 4 Cir 12/1/97); 703 So.2d 207; *Domangue v. Mr. Gatt's, Inc.*, 93-2392 (La.App 1 Cir. 6/23/95); 657 So. 2d 689)).

5

## III. Law and Analysis

*A.     Legal Standard*

A defendant may remove a state civil court action to federal court if the federal court has original jurisdiction over the action.[30] A federal court has subject matter jurisdiction over an action "where the matter for controversy exceeds the sum or value of $75,000" and the action "is between citizens of different states."[31] "When removal is based on diversity of citizenship, the diversity must exist at the time of the removal."[32] The removing party bears the burden of demonstrating that federal jurisdiction exists.[33] In assessing whether removal was appropriate, the Court is guided by the principle, grounded in notions of comity and the recognition that federal courts are courts of limited jurisdiction, that "removal statute[s] should be strictly construed in favor of remand."[34] Remand is appropriate if the Court lacks subject matter jurisdiction, and "doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction."[35]

Pursuant to Fifth Circuit precedent, a removing defendant's burden of showing that the amount in controversy is sufficient to support federal jurisdiction differs depending on whether the plaintiff's complaint alleges a specific amount of monetary damages.[36] When the plaintiff alleges a figure in excess of the required amount in controversy, "that amount controls if made in

---

[30] 28 U.S.C. § 1441(a); *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 34 (2002).

[31] 28 U.S.C. § 1332(a)(1).

[32] *Texas Beef Grp. v. Winfrey*, 201 F.3d 680, 686 (5th Cir. 2000) (citing 14B Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper, *Federal Prac. and Proc.* § 3723 (1998 ed.)).

[33] *See Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

[34] *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

[35] *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000) (citing *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988)).

[36] *See Allen*, 63 F.3d at 1335.

good faith."[37] If the plaintiff pleads less than the jurisdictional amount, this figure will also generally control, barring removal.[38]

However, Louisiana law ordinarily does not allow a plaintiff to plead a specific amount of damages.[39] When, as here, the plaintiff has alleged an indeterminate amount of damages, the Fifth Circuit requires the removing defendant to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.[40] A defendant satisfies this burden either: "(1) by demonstrating that it is facially apparent that the claims are likely above $75,000, or (2) by setting forth facts in controversy—preferably in the removal petition, but sometimes by affidavit—that support a finding of the requisite amount."[41] The defendant must do more than point to a state law that might allow the plaintiff to recover more than the jurisdictional minimum; the defendant must submit evidence that establishes that the actual amount in controversy exceeds $75,000.[42]

*B.     Analysis*

Defendants argue that the amount in controversy amount is met because it is facially apparent that Plaintiff's damages exceed $75,000 based on Plaintiff's refusal to stipulate that his damages were less than the jurisdictional amount, the allegations in the petition for damages, and the various medical records Plaintiff produced, including bills for medical expenses incurred thus

---

[37] *Id.* (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)).

[38] *Id.*

[39] See La. Code Civ. P. art. 893.

[40] *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882 (5th Cir. 2000); *see also Simon v. Wal-Mart Stores, Inc.*, 193 F.3d at 850 (5th Cir. 1999); *Allen*, 63 F.3d at 1335.

[41] *Simon*, 193 F.3d at 850 (quoting *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295 (5th Cir. 1999)); *see also Allen*, 63 F.3d at 1335.

[42] *See De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995).

far totaling $18,215.23.[43] In order to show that the requisite jurisdictional amount is met, Defendants must (1) demonstrate that it is facially apparent that the claims are likely above $75,000, or (2) set forth facts in controversy that support a finding of the requisite amount.[44] However, the Court has already found that it is not facially apparent that Plaintiff's injuries exceed $75,000.[45] Accordingly, Defendants must set forth facts in controversy that support a finding of the requisite amount.

In the July 7, 2017 Order, the Court indicated that Defendants' evidence that Plaintiff has incurred $18,215.23 in medical expenses is insufficient to establish that the amount in controversy exceeds $75,000, and Defendants do not provide specifics in the notice of removal as to any other damages alleged by Plaintiff that would establish that the amount in controversy is met. In the memorandum regarding amount in controversy, Defendants fail to set forth any additional facts that would establish that the amount in controversy is met. Defendants merely describe Plaintiff's resulting injuries and medical costs incurred thus far totaling $18,215.23, but do not allege any facts that would suggest to what extent Plaintiff will incur any additional medical costs, or in what amount.

Defendants additionally point to four Louisiana state court cases to demonstrate that "[t]he jurisprudence . . . is replete with awards that far exceed $75,000 for damages such as those claimed by Plaintiff in this case."[46] However, the burden is on "the removing defendant [to] prove by a

---

[43] Rec. Doc. 6 at 1–3.

[44] *Simon*, 193 F.3d at 850.

[45] Rec. Doc. 4 at 3–4.

[46] Rec. Doc. 6 at 5–6 (citing *Roger*, 538 So.2d 670; *Salter*, 582 So.2d 994; *Hoskin*, 703 So.2d 207; *Domangue*, 657 So. 2d 689).

8

preponderance of the evidence that the amount in controversy exceeds $75,000" in this case.[47] The cases cited by Defendants merely exemplify amounts in damages within the realm of possibilities that Plaintiff could recover, and to that end, "[t]he Fifth Circuit has explained "a 'could well' standard sounds more like a 'possibility' standard of proof, rather than a 'more likely than not' standard."[48]

As previously stated, in showing that the amount in controversy has been met, the burden is upon the removing party to set forth specific facts that prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.[49] As noted above, the defendant must do more than point to a state law that might allow the plaintiff to recover more than the jurisdictional minimum; the defendant must submit evidence that establishes that the actual amount in controversy exceeds $75,000.[50] In light of the evidence presented, Defendants have not demonstrated by a preponderance of the evidence that Plaintiff's claims, if proven, would exceed the jurisdictional minimum of $75,000. Defendants only submit evidence that appears to show that Plaintiff has incurred $18,215.23 in medical expenses at the time of removal on June 29, 2017. Defendants have not set forth facts sufficient to show that the damages as to any of Plaintiff's other claims, when totaled in addition to the medical expenses incurred thus far, exceed $75,000. Therefore, the Court lacks subject matter jurisdiction over the instant action and will remand the case to state court.

---

[47] *Gebbia*, 233 F.3d at 882.

[48] *Thomas v. Travelers Ins. Co.*, 258 F. Supp. 873, 876 (E.D. La. 1966) (West, J.) (citing *Leehans v. Am. Ins. Co.*, 273 F.2d 72, 72 (5th Cir. 1959)).

[49] *Allen*, 63 F.3d at 1335 ("[I]t is well settled that the removing party bears the burden of establishing the facts necessary to show that federal jurisdiction exists." (citing *Gaitor v. Peninsular & Occidental S.S. Co.*, 287 F.2d 252, 253–54 (5th Cir.1961))).

[50] *See De Aguilar*, 47 F.3d at 1412.

## IV. Conclusion

Based on the reasons stated above, the Court finds that Defendants have not put forth sufficient evidence to demonstrate by a preponderance of the evidence that Plaintiff's claims, if proven, would be worth an amount in excess of $75,000.

Accordingly,

**IT IS HEREBY ORDERED** that the above-captioned matter is **REMANDED** to the 21st Judicial District Court for the Parish of Tangipahoa, State of Louisiana.

**NEW ORLEANS, LOUISIANA**, this 7th day of September, 2017.

*[Signature]*
**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**